UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARLOS E. MOORE                                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:17-CV-408-DPJ-FKB

KARL OLIVER                                                                                        DEFENDANT

ORDER

Defendant Karl Oliver seeks sanctions and attorney's fees under Federal Rule of Civil Procedure 11 and the Mississippi Litigation Accountability Act ("MLAA") in this dismissed civil-rights case. Mot. [50]. Although Moore's pleadings were arguably frivolous, Oliver did not comply with Rule 11's procedural requirements and has not shown that the MLAA applies. Accordingly, the motion is denied.

I.  Background

The facts of this case are set forth more fully in the Court's Order [48] granting Oliver's motion to dismiss. In general terms, attorney Carlos Moore sued state representative Karl Oliver over Oliver's inflammatory Facebook post decrying the City of New Orleans' removal of Confederate monuments. Finding that Moore lacked standing, that his federal claims otherwise lacked merit, and that it would decline to exercise supplemental jurisdiction over the pendent state-law claim, the Court dismissed Moore's lawsuit on April 30, 2018.

On May 8, 2018, Oliver filed his motion for sanctions, seeking $10,387.50 in attorney's fees under Rule 11 and the MLAA. Moore responded in opposition, Oliver filed a timely reply, and the Court is prepared to rule.

II. Analysis

A. Rule 11

Under Rule 11(b), when an attorney "present[s] to the court a pleading, written motion, or other paper," he

> certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(2), (3). And under Rule 11(c), "the court may impose an appropriate sanction on any attorney, law firm, or party that violate[s]" Rule 11(b). *Id.* R. 11(c)(1). Importantly though, Rule 11 contains a procedural safe-harbor provision:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

*Id.* R. 11(c)(2).

Moore says—and Oliver does not dispute—that Oliver did not comply with the safe-harbor provision. But Oliver suggests that his noncompliance with the safe-harbor provision should be excused because "Moore and his counsel were given timely and adequate notice of Oliver's intention to seek Rule 11 sanctions." Def.'s Reply [53] ¶ 4. Oliver points to the conclusion of his brief in support of his motion to dismiss, where he said: "Moore and his

counsel of record should be sanctioned pursuant to [Rule] 11 and the [MLAA], and Oliver will so move at the appropriate time." Def.'s Mem. [23] at 26.

"Compliance with the service requirement is a mandatory prerequisite to an award of sanctions under Rule 11." *In re Pratt*, 524 F.3d 580, 586 (5th Cir. 2008). In *Pratt*, a party sought fees under Rule 9011(c)(1)(A) of the Federal Rules of Bankruptcy Procedure after sending two warning letters to the opposing party. *Id.* Comparing Rule 9011(c)(1)(A) to the substantially identical Rule 11, the court held: "We are not persuaded that informal service is sufficient to satisfy the service requirement." *Id.* at 588. Thus, "strict compliance with Rule 11 is mandatory"; "substantial compliance" is insufficient. *Id.* Because Oliver never served a copy of his motion under Rule 11(c)(2), the motion is denied to the extent it relies on Rule 11. *See Askins v. Hagopian*, 713 F. App'x 380, 380–81 (5th Cir. 2018) (reversing district court's sanctions award because movant provided only informal notice without serving copy of motion under Rule 11(c)(2)).

B.  MLAA

The only other basis for sanctions that Oliver pursues is the MLAA.[1] That Mississippi statute provides as follows:

> [I]n any civil action commenced or appealed *in any court of record in this state*, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense

---

[1] In the concluding sentence of the Conclusion section of his Reply, Oliver also mentions "the inherent power of this Court" as a basis for awarding sanctions. Def.'s Reply [53] at 6. "It is the practice of . . . the district courts to refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (citation omitted). Even if the Court were inclined to consider using its inherent authority, Oliver has not explained why it should do so when Rule 11 covers this precise issue.

3

> asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct . . . .

Miss. Code Ann. § 11-55-5(1) (emphasis added). Moore asserts that, by its terms, the MLAA does not apply to this federal-question case filed initially in federal court. Oliver says this argument is "demonstrably incorrect" and cites federal cases applying the MLAA in this context. Def.'s Reply [53] ¶ 12.

To begin with, most of the cases Oliver cites never addressed whether the MLAA applies in federal court. *See Moody v. Lowndes Cty.*, No. 1:14-CV-197-NBB-DAS, 2017 U.S. Dist. LEXIS 158348 (N.D. Miss. Sept. 27, 2017); *Vazzana v. City of Greenville*, No. 4:03-CV-289-P-D, 2007 WL 465634 (N.D. Miss. Feb. 8, 2007); *Bryant v. Military Dep't of Miss.*, 381 F. Supp. 2d 586 (S.D. Miss. 2005). It is therefore impossible to tell whether this issue was presented to those courts.

The one case Oliver cites that did address this issue did so in a different procedural posture. In *Payne v. University of Southern Mississippi*, the plaintiff argued "that the MLAA only applies to litigation in Mississippi's courts, and that a federal court can not award fees under it." No. 1:12-CV-41-KS-MTP, 2015 WL 3549862 *4 (S.D. Miss. June 5, 2015), *aff'd* 681 F. App'x 384 (5th Cir. 2017). Judge Keith Starrett rejected that argument, holding that "[a] district court may award sanctions under state law *in cases originally filed in state court* but removed to federal court." *Id.* (emphasis added) (citing *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000)).

That is not what happened here; unlike *Payne*, the present case originated in federal court based on federal-question jurisdiction. The difference matters for the reasons outlined in *Tompkins*, the case *Payne* relies upon. In *Tompkins*, the district court considered a motion for sanctions filed under Texas procedural rules because the allegedly frivolous complaint was filed in state court. 202 F.3d at 787. The Fifth Circuit affirmed, noting that "[t]he federal rules do not

4

apply to filings in state court, even if the case is later removed to federal court." *Id.* So "[i]f the state pleading rules did not apply, then nothing would govern the original pleadings in these cases, and a party who filed in bad faith might escape any penalty." *Id.* (citation omitted). No such justification exists in this case because Moore filed the Complaint in this Court under Federal Rule of Civil Procedure 11.

That being so, the key question seems to be whether the MLAA is substantive or procedural; "federal law, rather than state law, invariably governs procedural matters in federal courts." *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006) (holding that motion for attorney's fees under Texas Declaratory Judgment Act failed because act is procedural).

Determining whether a state statute is substantive or procedural can present "a challenging endeavor" governed by some intricate tests. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Yet neither party explores that question as to the MLAA. The Court suspects the MLAA is procedural, in part because it does not create a cause of action, *Stevens v. Lake*, 615 So. 2d 1177, 1184 (Miss. 1993), and instead "merely augments" the procedures adopted in Mississippi Rule of Civil Procedure 11, *Rose v. Tullos*, 994 So. 2d 734, 737–39 (Miss. 2008) (quoting *Stevens*, 615 So. 2d at 1184). Nevertheless, because neither party addressed the issue, the Court merely denies the MLAA-based motion without prejudice.[2]

---

[2] If Oliver believes the MLAA is substantive law that applies to cases originally filed in federal court, then he will need to provide appropriate legal analysis. And if he can make that showing, he will need to either explain why the MLAA extends to federal questions or limite his fee request to the pendant state-law claims. *See Payne*, 2015 WL 3549862, at *10 (awarding only "fees incurred defending against the state-law negligence claims after [the p]laintiff conceded them in his responses to [the] motions for summary judgment").

III.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Defendant's Motion for Sanctions and Attorney's Fees [50] is denied as to Federal Rule of Civil Procedure 11 and denied without prejudice as to the claim for fees under the MLAA.

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2018.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE